UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OAKLEY, INC., A WASHINGTON CORPORATION,<br><br>*PLAINTIFF,*<br><br>V.<br><br>CITY EYEWEAR, A TEXAS CORPORATION,<br><br>*DEFENDANT.* | CIVIL ACTION NO. _____<br>(JURY DEMAND) |

**PLAINTIFF OAKLEY, INC.'S ORIGINAL COMPLAINT FOR
PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiff Oakley, Inc. ("Oakley") hereby complains of City Eyewear ("Defendant") and alleges as follows:

**I. JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claim in this action pursuant to 35 U.S.C. §§ 271 and 281, as this claim arises under the laws of the United States.

2. Oakley is informed and believes, and thereon alleges that this Court has personal jurisdiction over Defendant because Defendant has a regular and established place of business located within this judicial district. Further, Defendant has a continuous, systematic, and substantial presence within this judicial district, including by offering for sale and/or selling infringing products in this judicial district. These acts form a substantial part of the events or omissions giving rise to Oakley's claim.

3. Oakley is informed and believes, and thereon alleges, that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(d), and 1400(b) because Defendant is a company organized and existing under the laws of the State of Texas and has its principal place of business located within this district, because Defendant has committed acts of infringement by offering to

sell and/or selling products that infringe Oakley's patents in this judicial district, and because Defendant has a regular and established place of business in this district.

## II. THE PARTIES

4. Plaintiff Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

5. Oakley is informed and believes, and thereon alleges, that Defendant is a company organized and existing under the laws of the State of Texas, having its principal place of business at 8080 Harwin Drive, Suite D, Houston, Texas 77036.

## III. GENERAL ALLEGATIONS

6. Oakley is one of the world's most iconic brands. The company and its products, particularly in the realm of eyewear, are instantly and universally recognized for their innovative technology and distinctive style. Since its founding, Oakley's engineers and designers have worked continuously to bring new technology and breakthrough designs to the market.

7. Oakley has been actively engaged in the manufacture and sale of high-quality eyewear since at least 1985. Oakley is the manufacturer and retailer of several lines of eyewear that have enjoyed substantial success and are protected by various intellectual property rights owned by Oakley.

8. On May 8, 2012, the USPTO duly and lawfully issued United States Design Patent No. D659,180 (the "D180 Patent"), titled "Eyeglass." Oakley is the owner by assignment of all right, title, and interest in the D180 Patent. A true and correct copy of the D180 Patent is attached hereto as **Exhibit 1**.

9. On July 31, 2007, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued United States Design Patent No. D547,794 (the "D794 Patent"), titled

"Eyeglasses." Oakley is the owner by assignment of all right, title, and interest in the D794 Patent. A true and correct copy of the D794 Patent is attached hereto as **Exhibit 2**.

10. On December 4, 2007, the USPTO duly and lawfully issued United States Design Patent No. D556,818 (the "D818 Patent"), titled "Eyeglass Components." Oakley is the owner by assignment of all right, title, and interest in the D818 Patent. A true and correct copy of the D818 Patent is attached hereto as **Exhibit 3**.

11. On November 6, 2007, the USPTO duly and lawfully issued United States Design Patent No. D554,689 (the "D689 Patent"), titled "Eyeglass Frame." Oakley is the owner by assignment of all right, title, and interest in the D689 Patent. A true and correct copy of the D689 Patent is attached hereto as **Exhibit 4.**

12. Defendant sells and offers to sell infringing products, including Defendant's K40-KN, S-35, and FC 8338 model eyewear that infringe one or more of the D180 Patent, the D794 Patent, the D818 Patent, and/or the D689 Patent (collectively, the "Asserted Patents"), through its retail store and/or online through its website, www.cityeyewear.net.

### IV.  CLAIM FOR RELIEF

(Patent Infringement)
(35 U.S.C. § 271)

13. Oakley repeats and re-alleges the allegations of paragraphs 1-12 of this Complaint as if set forth fully herein.

14. This is a claim for patent infringement under 35 U.S.C. § 271.

15. Defendant, through its agents, employees and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the D180 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D180 Patent, for example, Defendant's K40-KN model eyewear, as shown below.

| K40-KN | Oakley's D180 Patent |
|---|---|
|  | |

16. Defendant's acts of infringement of the D180 Patent were undertaken without permission or license from Oakley. Oakley is informed and believes, and, based thereon, alleges that Defendant had actual knowledge of Oakley's rights in the design claimed in the D180 Patent.

17. Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's K40-KN model eyewear are a nearly identical copy of Oakley's patented design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D180 Patent. Defendant infringed the D180 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the D180 Patent. Defendant's acts of infringement of the D180 Patent were not consistent with the standards of commerce for its industry.

18. Defendant, through its agents, employees and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the D794 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to

be substantially similar to the claim of the D794 Patent, for example, Defendant's Model S-35 Safety Sunglasses, as shown below.



| Model S-35 Safety Sunglasses | Oakley's D794 Patent |
|---|---|

19. Defendant's acts of infringement of the D794 Patent were undertaken without permission or license from Oakley. Oakley is informed and believes, and, based thereon, alleges that Defendant had actual knowledge of Oakley's rights in the design claimed in the D794 Patent.

20. Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's Model S-35 Safety Sunglasses are a nearly identical copy of Oakley's patented design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D794 Patent. Defendant infringed the D794 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the D794 Patent. Defendant's acts of infringement of the D794 Patent were not consistent with the standards of commerce for its industry.

21.     Defendant, through its agents, employees and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the D689 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D689 Patent, for example, Defendant's Model S-35 Safety Sunglasses, as shown below.

| Model S-35 Safety Sunglasses | Oakley's D689 Patent |
|---|---|
| | |

22.     Defendant's acts of infringement of the D689 Patent were undertaken without permission or license from Oakley.  Oakley is informed and believes, and, based thereon, alleges that Defendant had actual knowledge of Oakley's rights in the design claimed in the D689 Patent.

23.     Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's Model S-35 Safety Sunglasses are a nearly identical copy of Oakley's patented design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D689 Patent.  Defendant infringed the D689 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions

constitute infringement of the D689 Patent. Defendant's acts of infringement of the D689 Patent were not consistent with the standards of commerce for its industry.

24. Defendant, through its agents, employees and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the D818 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D818 Patent, for example, Defendant's Model S-35 Safety Sunglasses and FC 8338 model eyewear, as shown below.



25. Defendant's acts of infringement of the D818 Patent were undertaken without permission or license from Oakley. Oakley is informed and believes, and, based thereon, alleges that Defendant had actual knowledge of Oakley's rights in the design claimed in the D818 Patent.

26.     Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's Model S-35 Safety Sunglasses and FC 8338 model eyewear are nearly identical copies of Oakley's patented design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D818 Patent.  Defendant infringed the D818 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the D818 Patent.  Defendant's acts of infringement of the D818 Patent were not consistent with the standards of commerce for its industry.

27.     As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Oakley.

28.     Pursuant to 35 U.S.C. § 284, Oakley is entitled to damages for Defendant's infringing acts and treble damages together with interest and costs as fixed by this Court.

29.     Pursuant to 35 U.S.C. § 285, Oakley is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

30.     Pursuant to 35 U.S.C. § 289, Oakley is entitled to Defendant's total profits from Defendant's infringement of the Asserted Patents.

31.     Due to the aforesaid infringing acts constituting patent infringement, Oakley has suffered great and irreparable injury, for which Oakley has no adequate remedy at law.

32.     Defendant will continue to infringe Oakley's patent rights to the great and irreparable injury of Oakley, unless and until enjoined by this Court.

## V.  JURY DEMAND

33.     Oakley hereby demands a trial by jury on all issues raised in Oakley's complaint that are so triable.

## VI. P<small>RAYER</small>

**W<small>HEREFORE</small>**, Plaintiff Oakley, Inc. prays for judgment in its favor against Defendant City Eyewear for the following relief:

    A.    An Order adjudging Defendant to have infringed the Asserted Patents under 35 U.S.C. § 271;

    B.    A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees, customers, and attorneys, and those persons in active concert or participation with Defendant, from infringing the Asserted Patents in violation of 35 U.S.C. § 271, including, for example, through the manufacture, use, sale, offer for sale, and/or importation into the United States of Defendant's K40-KN, Model S-35 Safety Sunglasses, FC 8338 model eyewear, and any products that are not colorably different from these products;

    C.    That Defendant account for all gains, profits, and advantages derived through Defendant's infringement of the Asserted Patents in violation of 35 U.S.C. § 271, and that Defendant pay to Oakley all damages suffered by Oakley and/or Defendant's total profit from such infringement pursuant to 35 U.S.C. §§ 284 and 289;

    D.    An Order adjudging that this is an exceptional case;

    E.    An Order that Defendant's infringement is willful and a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

    F.    An award to Oakley of the attorneys' fees, expenses, and costs incurred by Oakley in connection with this action pursuant to 35 U.S.C. § 285;

    G.    An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and,

      H.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Robert "Eli" W. Kiefaber
Robert "Eli" W. Kiefaber
Texas Bar No. 24078065
rkiefaber@kolawllp.com
KIEFABER & OLIVA LLP
808 Travis Street, Suite 453
Houston, Texas 77002
713-229-0360
832-460-6513—Fax

**Attorney-in-Charge for Plaintiff Oakley, Inc.**

**Of Counsel:**

Michael K. Friedland (CA Bar. No. 157,217)
michael.friedland@knobbe.com

Lauren K. Katzenellenbogen (CA Bar No. 223,370)
lauren.katzenellenbogen@knobbe.com

Daniel C. Kiang (CA Bar No. 307,961)
daniel.kiang@knobbe.com

KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502